United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-61044

CAPITAL GAMING SUPPLIES, INC.,

Plaintiff-Appellant,

VERSUS

GAMETECH INTERNATIONAL, INC., ET AL,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:02-CV-1636)

Before JONES, Chief Judge, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Capital Gaming Supplies, Inc. ("Capital")
filed claims against Defendants-Appellees GameTech International,
Inc. ("GameTech"), International Gaming Systems, LLC, and
individual principals of the Appellee entities, alleging tortious
interference with Capital's subleases with certain Mississippi
bingo halls, as well as breach of contract and breach of covenant

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of good faith and fair dealing. GameTech counterclaimed for interference with existing contracts. The entities are all distributors of bingo gaming supplies to bingo halls licensed by the Mississippi Gaming Commission. Capital and GameTech each complained that the other interfered in its sub-lease agreements with Mississippi bingo halls for the provision of fixed base video bingo units.

Before the district court, multiple parties moved for summary judgment and for dismissal. The court entered summary judgment for Appellees and dismissed Capital's cause, finding a central premise of Capital's tortious interference with contracts claim flawed and determining that under Mississippi law Appellees were entitled to judgment because (1) Capital failed to demonstrate a necessary element of its claim; (2) temporary impossibility prevented any charge of breach by nonperformance; and (3) Appellees' preexisting agreements were neither divisible nor partially terminated. Capital appeals.[1]

This Court reviews the grant of summary judgment *de novo*, applying the same standards as the district court. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001); *see also* FED. R. CIV. P. 56(c). In this diversity case, we apply the law of Mississippi and look to the state's appellate courts for guidance, where the

---

[1]On April 7, 2005, Capital filed a stipulation of dismissal of certain claims against Appellees relating to prospective leases with particular bingo halls.

state's supreme court has not spoken on an issue, unless we are convinced that the supreme court of Mississippi would not adopt the intermediate courts' analysis.  *See Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991).

After a thorough review of the briefs, the oral arguments of the parties, and the record on appeal, we conclude that the district court correctly determined that Capital failed to prove a necessary element of its claims and that the preexisting GameTech agreements with the bingo halls were neither divisible nor partially terminated.  Accordingly, we AFFIRM the district court's grant of judgment to Appellees essentially for the reasons stated in its memorandum opinion and order filed September 30, 2004.

**AFFIRMED.**